UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

---

UNITED STATES OF AMERICA,

    Plaintiff,

v.

    Case No. 15-cr-164-PP
    Case No. 19-cr-120-JPS

DUJUAN HARRISON,

    Defendant.

---

**ORDER DENYING DEFENDANT'S MOTION TO REASSIGN CASE PURSUANT TO CRIMINAL L.R. 13(B) (DKT. NO. 62 IN CASE NO. 15-CR-164, DKT. NO. 339 IN CASE NO. 19-CR-120)**

---

On May 31, 2016, almost three years ago, this court sentenced the defendant in Case No. 15-cr-164 after he pled guilty to being a felon in possession of a firearm. Dkt. No. 21. Between June 13, 2017—the day the defendant began his term of supervised release—and May 2019, the defendant accrued several violations. While the probation office reported those violations, it did not ask the court to revoke the defendant's supervised released. When the defendant tested positive for marijuana, probation recommended a modification of his conditions. Dkt. No. 23. When the defendant went jobless for seven months, missed counseling appointments, was not cooperative with his counselor, did not appear to be living where he said he was living and was hostile with his supervising agent, probation asked only that the court admonish him and add the condition of location monitoring. Dkt. No. 27. The court heard the defendant out when he expressed frustration about his

1

probation officer and objected to location monitoring; it put him on GPS monitoring instead of home detention. Dkt. No. 33. Even when the probation officer could not verify the defendant's residence or employment (because the defendant had not provided verification) and the government recommended revocation and incarceration, probation did not recommend revocation and this court did not revoke, giving the defendant the opportunity to verify his employment and obtain and verify a stable address. Dkt. No. 37.

On May 3, 2019, however, the court granted probation's request to issue a warrant after the police pulled over a car in which the defendant was a passenger; allegedly the car was driven by a felon with an open warrant, and the car fled and crashed into a car belonging to the sheriff's department. Dkt. No. 38. The crash caused injuries, and the defendant and the driver fled the scene leaving a small child in the car, as well as a gun that had been stolen during a home invasion. Id. at 1. Magistrate Judge Joseph ordered the defendant detained pending a revocation hearing and scheduled that hearing for June 11, 2019. Dkt. No. 39. The day before that hearing, the defendant asked the court to adjourn the hearing to await the outcome of the state charges brought as a result of the incident with the car crash. Dkt. No. 47. The court granted that motion. Dkt. No. 48. The court rescheduled the hearing for July 30, 2019.

Not quite three weeks later, and about a month before the rescheduled hearing date, the grand jury indicted the defendant in Case No. 19-cr-120, which is assigned to Judge J.P. Stadtmueller. The defendant is one of fifteen

defendants indicted in that case and is charged both with conspiring with fourteen co-defendants over at least seven years to possess with intent to distribute heroin and cocaine and with conspiring with four of his co-defendants to commit a robbery. United States v. Bates, *et al.*, Case No. 19-cr-120 at 1.

The defendant now asks this court to reassign the 2019 case from Judge Stadtmueller to Judge Pepper under Crim. L.R. 13(b). Dkt. No. 62 in Case No. 15-cr-62; Dkt. No. 339 in Case No. 19-cr-120. The motion indicates that the defendant has pled guilty in the 2019 case and that the factual basis for that guilty plea will be part of the evidence this court considers in deciding whether to revoke in the 2015 case. Id. The defendant asserts that all the defendants in the 2019 case have pled guilty. Id.

The government objects, arguing that the language of Criminal Local Rule 13(b) (E.D. Wis.) does not allow the reassignment of a single defendant in a multi-defendant case, that even if it did the cases are not based on the same set of facts, events or offenses and that the reassignment would not be in the interests of justice. Dkt. No. 63.

The court is aware of circumstances in which a single defendant in a multi-defendant case has been reassigned to a different judge. But the court need not determine whether the government's interpretation of the words "case" and "cases" in Crim. L.R. 13(a) is the correct one. The defendant has not demonstrated that all four factors of Crim. L.R. 13(a) have been met.

3

Rule 13(a)(1) requires either that all defendants in each of the cases are the same or that the cases are based on the same set of facts, events or offenses. Neither is true here. Only one defendant is the same in the two cases. Only one of the violations in the revocation case before this court—the defendant's conviction in the 2019 federal case—is common to both cases. Only one part of the 2015 revocation case is based on the same set of facts, events or offenses as the 2019 case.

Rule 13(a)(2) requires that both cases be pending in this district. That factor has been met.

Rule 13(a)(3) requires that the handling of both cases by the same judge be likely to result in the overall saving of judicial resources. The defendant argues that because this court has a history with the defendant, having Judge Pepper sentence him on the 2019 charges will result in a saving of judicial resources. It is not clear how this is true. The 2019 case spans seven years and two conspiracies. One of the defendants filed a motion to suppress; Magistrate Judge Duffin denied that motion, the defendant objected and Judge Stadtmueller overruled the objections and adopted Judge Duffin's recommendation. Judge Stadtmueller already has sentenced one of the defendants. Judge Stadtmueller already is more familiar with the bigger, more far-reaching 2019 case than Judge Pepper. Judge Pepper knows the facts surrounding the series of allegations and hearings relating to revocation of the defendant's supervised release, but not the facts surrounding the 2019 charges. Judge Stadtmueller will, by dint of having been assigned to preside

4

over the 2019 case, be forced to learn the case and the roles of the fourteen remaining defendants in that case, whether he sentences this defendant or not. Conservation of judicial resources weighs in favor of Judge Stadtmueller conducting the sentencing in the 2019 case.

Finally, Rule 13(b)(4) requires either that the court find that neither case has progressed to the point where reassigning a case would substantially delay the proceedings in either case or that the court find assigning the cases to the same judge would promote consistency in resolution of the cases or "otherwise be in the interests of justice." The substantial delay factor is a wash, given the circumstances that have developed as a result of the COVID-19 crisis. Judge Stadtmueller is not holding in-person sentencing hearings. Judge Pepper is not holding in-person revocation or sentencing hearings. If the defendant wants to proceed to sentencing in the near future, he can consent to Judge Stadtmueller conducting the sentencing via video, as allowed by the CARES Act and by this court's General Orders 20-6 and 20-9. If he wants this court to conduct his revocation hearing in the near future, he can consent to Judge Pepper conducting that hearing via video under the same orders. Otherwise, *both* hearings will be delayed, not because of reassignment or lack thereof, but because it will be some time before either Judge Stadtmueller or Judge Pepper will be able to work through the backlog of delayed in-person hearings safely.

Assigning both cases to Judge Pepper, however, is not likely to promote consistency in resolution. One of the factors that a sentencing judge must consider in imposing sentence is the need to avoid unwarranted sentence

disparities among defendants with similar records who have been found guilty of similar conduct. 18 U.S.C. §3553(a)(6). In comparing a defendant's conduct with "similar" conduct of other defendants, it is natural for a court to start by comparing a defendant's conduct to the conduct of similarly-situated co-defendants. In multi-defendant conspiracy cases, prosecutors and defense attorneys frequently argue that courts should sentence co-defendants who were more involved and more culpable more harshly than co-defendants who were less involved and less culpable. While the parties may also compare a defendant's conduct with similar conduct by defendants in other cases, it is rare that they do not compare the defendant's conduct to that of his co-defendants. If Judge Pepper were to sentence the defendant in the 2019 case, she would have no way of knowing what sentences Judge Stadtmueller might have given his similarly-situated co-defendants. She could inadvertently sentence him more harshly than a more culpable co-defendant. (The court has had this happen before, when it did not realize that co-actors in the same offense had been charged in separate indictments, with the cases assigned to different judges.)

Nor does the court perceive any other way in which reassigning the 2019 case to Judge Pepper would serve the interests of justice. As the parties are aware, it is not unusual for a defendant (often joined by the government) to ask a court to delay revocation proceedings until the underlying charges that gave rise to the supervised release violations are resolved. The parties then argue to the judge presiding over the revocation proceedings about whether that judge

needs to impose incremental punishment, or whether the sentence the defendant received on the underlying offense was sufficient to meet the objectives of §3553(a) in the revocation context. In fact, the defendant asked Judge Pepper to do just that after he was charged in state court in relation to the crash with the sheriff's department car—he asked Judge Pepper to delay revocation proceedings until that case resolved. He could make the same request here, especially given the pause in in-person hearings required by the COVID-19 crisis.[1] This court would grant a request to defer revocation proceedings until after Judge Stadtmueller sentences the defendant in the 2019 case.

The government suggests that the defendant is engaging in "old-fashioned forum shopping." Dkt. No. 63 at 7. "Forum-shopping" is generally viewed as unseemly gamesmanship, so the court assumes that the government disapproves of what it perceives as the defendant's use of that tactic. Yet the government suggests that the defendant could "achieve" the ends it disparages by transferring the revocation proceedings to Judge Stadtmueller. This argument makes little sense. The government implies that the defendant seeks reassignment of the sentencing in the 2019 case because he believes he will somehow fare better in front of Judge Pepper than in front of Judge Stadtmueller. If that is true, why would he seek to, or agree to, have the

---

[1] The Milwaukee County District Attorney's Office moved to dismiss the state charges on July 29, 2019, after the defendant was indicted in the 2019 federal case. State v. Harrison, 2019CF001932 (Milwaukee County Circuit Court), available at https://wcca.wicourts.gov.

7

revocation proceedings reassigned from Judge Pepper to Judge Stadtmueller? More to the point, the government's suggestion implies that the government is concerned that the defendant is right and wants both sets of proceedings to take place before Judge Stadtmueller. Even if the parties are correct in their assumptions (and the court has no idea whether they are), why is that any less unseemly gamesmanship?

Tactics and accusations aside, Rule 13(b) leaves the decision about whether to reassign a case to the judge to whom the lower-numbered case is assigned. This court would not, *sua sponte*, transfer the 2015 case to Judge Stadtmueller, and contrary to what the government suggests, doing so would not be within the spirit of Rule 13(b). (Nor, the court guesses, would it endear Judge Pepper to Judge Stadtmueller, who already has quite a lot on his plate.) There is no reason to transfer either case. This court has deferred revocation proceedings in other cases to await the outcome of state or federal charges, and it imagines its sister courts have done the same. The court reiterates that if the defendant asks, the court will do that here.

The court **DENIES** the defendant's motion to reassign case pursuant to Criminal L.R. 13(b). Dkt. No. 62 (Dkt. No. 339 in Case No. 19-cr-120).

Dated in Milwaukee, Wisconsin this 13th day of May, 2020.

BY THE COURT:

_____
**HON. PAMELA PEPPER**
**Chief United States District Judge**